[S. F. No. 16094. In Bank.—January 31, 1939.]

EDWARD B. NEUWALD, Respondent, v. A. B. BROCK, as Director of the Department of Agriculture, etc., et al., Appellants.

U. S. Webb, Attorney-General, and Frank English and John J. Dailey, Deputies Attorney-General, for Appellants.

Eustace Cullinan, Eustace Cullinan, Jr., and Herbert E. Wenig for Respondent.

CURTIS, J.—Petitioner on March 1, 1932, was appointed to the position of supervising investigator in the division of weights and measures in the Department of Agriculture of the state of California, by the then director of that department. His position under said appointment was temporary for the reason that at the time of his appointment there was no appropriate eligible list of persons for the class or grade to which said position belonged, or from which the State Civil Service Commission could certify to the director of the Department of Agriculture, the names and addresses of three or any number of persons standing highest on the eligible list of the class or grade to which the position of supervising in-

vestigator in the division of weights and measures belonged. There had not been up to the time of petitioner's discharge any such eligible list certified by the Civil Service Commission to said director of the Department of Agriculture for the position held by petitioner under his said appointment. Petitioner continued to hold said position from the date of his appointment to January 26, 1935, when the director of the Department of Agriculture purported to dismiss him from his said position by notifying him of his dismissal and by filing a written statement with the Civil Service Commission giving the reason for his dismissal.

At the general election held on November 6, 1934, article XXIV was adopted and added to the Constitution of the state. By this new section of the Constitution petitioner was given the status of a probationary appointee and as therein provided "such probationary term to commence on the effective date hereof of not less than two months nor more than eight months in the class or grade assigned as it [the commission] may fix".

On January 24, 1935, Director Brock dismissed petitioner by a written communication in which he stated as his reason for such dismissal that petitioner's conduct and capacity as such probationary employee had not been satisfactory to him. Whereupon petitioner instituted this action for the purpose of having himself reinstated in such position, for the recovery of his salary from the date of his purported dismissal, and for damages sustained by him by reason of the alleged illegal action of the Director of the Department of Agriculture in dismissing him from said position. The trial court found in favor of the petitioner and awarded judgment for the reinstatement of petitioner in his former position and for the recovery of his salary during the period of his dismissal. The respondents have appealed from said judgment. In our discussion of the case we shall continue to refer to the parties hereto as petitioner and respondents respectively.

The trial court found that the reason stated by the director of agriculture for the dismissal of petitioner was not a valid or sufficient reason for the dismissal of a civil service employee holding a position under the State Civil Service Act, and it was not one of the causes, grounds or reasons specified in section 14 of the State Civil Service Act (Stats. 1913, p. 1035,

as amended, Stats. 1929, p. 252) for which a person holding a position under the provisions of said act may be dismissed, and is not a reason or cause for such dismissal sufficient to satisfy the requirements of section 14 of said act or of rule 9 of the State Civil Service Commission. The court further found that the statement of the director of his reason was untrue and was a pretext to frustrate and defeat the intent and purpose of the recently adopted article XXIV of the Constitution, and to prevent the petitioner from acquiring a permanent status. (Finding XIV.)

It is contended by petitioner that he could be dismissed from his probationary position by the appointing officer only for one or more of the reasons enumerated in section 14 of said act, as the trial court found, or if he could be dismissed for any other reason, that specified by Director Brock was nevertheless insufficient; while respondents contend that the dismissal of petitioner from his probationary position is provided for and was controlled by section 9 of said act, and that the reason given by the Director of Agriculture for such dismissal was sufficient in that it complied with rule 9 of said Civil Service Commission.

Section 14 of said act in so far as here material, reads as follows: "The tenure of every person holding a position under the provisions of this act shall be during good behavior, but any such person may be removed, demoted, suspended without pay, transferred to another position in the same class, reprimanded, or restored to his position with such pay as may be equitable under a procedure in conformity with the provisions of this section which shall be set up by the commission in its rules and regulations, for any of the following causes: Incompetency, inefficiency, insubordination, dishonesty, intemperance, immorality, profanity, discourteous treatment of the public or other employees, improper political activity, wilful disobedience, violation of the provisions of this act or of the rules and regulations of the commission, or for any other failure of good behavior or any other act or acts which are incompatible with or inimical to the public service." The section further provides that written charges must be filed against the employee with the commission and a copy served upon the employee who is given the right to answer said charge and to have a hearing before the commission. The decision of the commission is final.

Evidently the principal question presented on this appeal is whether said section 14 of the State Civil Service Act applies to a person who like the petitioner held only a probationary position under the State Civil Service Act at the time of his dismissal by the Director of Agriculture. It is obvious that the general language found in this section, namely, "the tenure of every person holding a position under the provisions of this act", is sufficiently broad to include persons holding probationary positions as well as persons holding permanent positions under the provisions of said act.

However, section 9 of said act (Stats. 1913, p. 1035) provides that, "Subject to the special provisions of this act as to laborers, appointments shall be made to all positions that are not filled by promotion, reinstatement, transfer or reduction, under the provisions of this act and the rules in pursuance thereof, by the appointing power: Said appointing power shall notify the commission of any vacancy to be filled, stating the duties of the position. The commission shall then certify to the appointing power the names and addresses of the three persons standing highest on the eligible list for the class or grade to which the position belongs; but in case there be less than three on such eligible list, the commission shall certify the number thereon; and the appointing power shall fill the position by the appointment of one of the persons certified by the commission therefor. The term of eligibility shall be fixed for each eligible list at not less than one year. Appointments shall be made from the eligible list most nearly appropriate for the position to be filled, and a new list shall be created for a stated position or a group of positions only when there is no appropriate list existing from which appointment may be made. No person shall be appointed under any title not appropriate to the duties to be performed, and no person shall be assigned to perform the duties of any other position than that which he legally holds, except by the consent of the commission. All appointments shall be for a probationary period to be fixed by the commission but not to exceed six months. Unless such appointee shall have been dismissed within such probationary period by the appointing power, for reasons stated in writing and filed with the commission, his appointment shall become permanent subject to the provisions of this act as to removals, suspensions and changes. Discharged probationers may by

unanimous vote of the commission be restored to the list of eligibles for certification to any position within their class other than the one from which they were rejected.''

As we have seen, petitioner's status as a probationer was not attained under the provisions of this section but he was ''blanketed in'' by the adoption of article XXIV of the Constitution. The fact that he attained his status as a probationer by virtue of said section of the Constitution rather than under the provisions of the State Civil Service Act did not in any manner affect the provisions of said act relative to his dismissal or retention. As a person holding a probationary position, in so far as the power to dismiss him was concerned, he was subject to the provisions of the act, no matter how he attained said position.

Section 9 of said act in express terms makes reference to persons holding probationary positions under said act. This section provides for their appointment, the length of their term of service, assignment of their duties, their dismissal, and the conditions under which they are advanced to permanent positions. In fact, this section of the act is devoted almost in its entirety to appointments for probationary periods, and no other section of the act deals to any extent directly with this class of employees. It will be noted, in providing for the dismissal of a person holding a probationary position, that no reference whatever is made by section 9 to any provision or requirement contained in section 14 respecting dismissal of employees. In fact, no reference is made to section 14 of the act at all. The two sections provide two independent and entirely distinct methods for the dismissal of civil service employees. As a rule it is the duty of the courts to construe an act of the legislature as a whole and to bring conflicting provisions therein in harmony with each other if said sections can reasonably be so construed. In this connection it is suggested that in construing these two sections, we should hold that while the appointive power has the authority to discharge a person holding a probationary position as provided by section 9, he can do so only for the causes enumerated in section 14, and after a trial before the Civil Service Commission. To so construe the provisions of the act would eliminate entirely the dismissal provisions of section 9 of the act, for if section 14 governs the method of dismissing a probationer by the appointive power, then those

provisions of section 9 authorizing such dismissal are of no effect whatever. Such a construction would be contrary to the well-established rule that in construing an act, effect should be given to each and all of its provisions. (23 Cal. Jur., sec. 133, p. 758.)

The question then arises as to which of these two sections of the act is to govern the manner or mode of dismissing a person holding a probationary position in the state civil service. Section 14 of the act is a general provision and if it be given the meaning contended for it by respondent applies to every person holding a position under said act, while section 9 of said act specially applies to the dismissal of a person holding a position for a probationary period. It must be conceded that there is a direct conflict between the terms of the two sections, one authorizing the appointive power to dismiss a probationer by merely notifying him of his dismissal and by filing with the commission a written statement of the reasons for such dismissal. No hearing is provided for by said section as to the truth of said reasons or as to their sufficiency. Under section 14 of the act, written charges must be filed, limited to certain causes named in said section. A hearing is had before the commission upon these charges, and a decision is rendered by the commission and entered in its minutes.

It is a statutory rule of construction that when a general and a special provision are inconsistent, the latter is paramount to the former and controls the general provision. (Section 1859, Code Civ. Proc.) Undoubtedly section 9 of the act contains a procedure for the dismissal of a person holding a probationary position under the Civil Service Act, while the provisions of section 14 by its terms, if construed literally, apply generally to all persons holding civil service positions. According to the rule of construction just referred to, it must be held that in so far as the provisions of section 14 are inconsistent with the provisions of section 9, the latter control. We are, therefore, of the opinion that a person holding a position in the civil service of this state as a probationer is subject to dismissal by the appointive power as provided by section 9 of said act, and that the provisions of section 14 of the act have no application to the dismissal of a person holding such a position.

We think this is the only legal construction which may be given to these two sections of the State Civil Service Act. Such a conclusion is in harmony also with the general intent and purpose of the civil service system. Applicants are first appointed from a selected list. They are given a temporary tenure, usually not exceeding six months and are designated as probationers, during which time they are on trial or probation to determine whether they are in fact fitted to discharge the duties of the particular position to which they are assigned. If in the opinion of the appointive power, they are not so fitted, a summary method is provided for their discharge. If they are found to be capable of discharging efficiently the duties of their respective positions during the probationary period, they are then given permanent positions from which they may be discharged only after formal charges are preferred against them and a trial upon these charges is had before the commission as provided by section 14 of said act. To place these two different classes of employees upon an equality as to the tenure of their respective positions would be to destroy one of the fundamental principles of the civil service system, and it is not to be presumed that the legislature intended to do so without the clearest and most positive indication of such intention.

To hold that section 14 of the act applies to probationers, as well as employees of the state holding permanent positions, because its general language hereinbefore quoted is sufficiently broad to include probationers, would bring within its terms not only the two classes of employees just mentioned, but even temporary employees and emergency employees. By section 1, subdivision 2 of the act, the term, "position" or "positions" as used in said act, includes all offices and employment under state authority. Section 11 of the act provides for temporary appointments and section 12 for emergency appointments. Appointees under either of these two sections of the act are employed under state authority, and are therefore holding positions under the provisions of said act, and if petitioner's contention is to be sustained, the tenure of their positions is protected by section 14 of the act to the same extent and in the same manner as those of permanent employees of the state holding full civil service rights. Surely it was not the intention to put all

these different classes of employees upon a parity as to the tenure of their respective positions.

This conclusion is in harmony with the recent decision of this court in *Kennedy* v. *State Personnel Board*, 6 Cal. (2d) 340 [57 Pac. (2d) 486]. Kennedy was attorney for the Board of Dental Examiners at the time of the adoption of article XXIV of the Constitution in 1934. Prior to the adoption of said amendment, his position was exempt from the state civil service system. Upon the adoption of said system, he was, like the petitioner in this case, blanketed in as a probationer. He was dismissed on April 15, 1935, from his position by the dental board for reasons filed with the personnel board which had succeeded to the powers and duties of the Civil Service Commission. Kennedy thereupon brought proceedings in mandate against the board to be restored to his position claiming that under the provisions of the constitutional amendment, and particularly by virtue of subdivision (e) of section 5 of said amendment he could not be summarily dismissed from his position by the Board of Dental Examiners. This court, after quoting in full said subdivision (e) of section 5 of said article of the Constitution, held that his claim was without merit, and in so doing gave its conclusion as follows: "Under this provision, which seems clearly to apply to petitioner, who had served in his position for more than six months prior to the amendment, he might have become a permanent civil service employee upon uninterrupted service of his probationary term. It is equally clear that he was subject to dismissal during the period of such probationary term, for otherwise the term 'probationary' would be meaningless, and the distinction between civil service employees with permanent status, and probationary employees with temporary status, would be obliterated. Hence the only question is whether in fact petitioner served his probationary period and obtained permanent status, or was dismissed during such period. Under the amendment, the state personnel board was empowered to fix the period at not less than two nor more than eight months. On June 24, 1935, six months after the amendment went into effect, the board by resolution fixed the term at eight months. It follows that petitioner was dismissed within the period of his probation, and was not entitled to the protection accorded to a civil service employee."

To place the construction upon section 14 of the act contended for by the petitioner would be to disregard settled rules of statutory construction and would result in eliminating and obliterating the distinction between civil service employees with permanent status and probationary employees with temporary status, and would place these two distinct classes of employees upon an equality in so far as the permanency and security of their respective positions are protected by the State Civil Service Act. As stated in the Kennedy case, a construction which would place these two classes of employees upon such equality would render the term, "probationary" meaningless, as it would give the persons holding probationary positions all the rights and privileges accorded to civil service employees with permanent status.

■ It was further claimed by petitioner that the reason stated by Director Brock for the dismissal of petitioner was not a valid reason for his dismissal and did not satisfy the requirements of rule 9 of the Civil Service Commission. Rule 9 of the Civil Service Commission in part reads as follows: "If during the probationary period, the conduct or capacity of the probationer has not been satisfactory to the appointing power, the probationer may be dismissed, in the discretion of the appointing power, and the appointing power shall inform the executive member of the commission in writing of the reason for such dismissal. Otherwise the retention of the probationer in the service shall be equivalent to his permanent appointment."

The reason stated by Director Brock for the dismissal of petitioner, and filed in writing by him with the commission, was that the conduct and capacity of petitioner as such probationary employee during such probationary period had "not been satisfactory to me the appointing power". As the reason stated by the director and filed with the commission followed the precise language of rule 9 of the Civil Service Commission, we fail to see upon what grounds the petitioner bases his contention that the reason assigned by the director in his written statement filed with the commission failed to satisfy the requirements of rule 9 of the commission.

■ It is further contended that the reason stated by the director for the dismissal of petitioner, namely, that the conduct or capacity of petitioner as a probationary employee during the probationary period had not been satisfactory

to the appointing power, is not sufficient to meet the requirements of section 9 of the act. As we have seen, section 9 states that unless the appointee shall have been dismissed within the probationary period by the appointing power, for reasons stated in writing filed with the commission, his position shall become permanent. Nowhere in the act is there to be found any requirement as to what would constitute a sufficient reason for the dismissal of a probationary employee. The reason assigned for petitioner's dismissal was one provided for in rule 9 of the commission, and the commission is given power by section 8 of said act to make rules governing the appointment, etc., and including the removal of applicants for positions under said act. The reason given by Director Brock is the identical reason given by the Board of Dental Examiners for the dismissal of Kennedy, serving a probationary term as attorney for said board. While no point was made in that case as to the sufficiency of such reason for the employee's discharge, and it is not discussed in the opinion of the court, undoubtedly counsel for the employee was of the opinion that there was no merit in such a contention and for that reason did not raise the point. As we have seen, the commission was given power by the act to make rules governing removals of employees, and we have been cited to no authority holding that this rule is not within the power of the commission to adopt. As no power is given to the commission to pass upon the sufficiency of the reason given, it may well be held that the reason for the discharge of a person holding a probationary position is within the sound discretion of the appointing power. (*State* v. *Williams*, 6 S. D. 119 [60 N. W. 410].)

Petitioner has cited in his briefs a large number of authorities which he contends support a contrary rule. Many of these cases concerned the removal of duly elected and appointed officers for definite terms of office, and did not in any manner involve civil service employees. In still others, the employee sought to be discharged was a permanent employee under rules of strict civil service regulations, and therefore those cases are readily distinguishable from the instant action which involves a person holding simply a probationary position. Obviously these cases are not controlling in the present controversy.

In the latter sentence found in section 9 of the act, a discharged probationary employee is given the right to have his case considered by the commission, not for the purpose of restoring him to his former position, but that his name may be restored to the eligible list by unanimous vote of the commission, for certification to any position within his class other than the one from which he had been rejected. This provision of the section limits the powers of the commission to the one subject stated therein, and clearly indicates that the action of the appointing power in discharging a probationary employee is final and that the commission is without the power to question the reasons stated by the appointing power for such dismissal. In this respect, section 9 differs from section 14 of the act, as by the terms of the latter section the commission is vested with power to hold a hearing and pass upon the reason given for the discharge of the employee.

If it should be held that under the last sentence of section 9 of the act, a probationary employee may be dismissed only for the causes enumerated in section 14 of the act and in accordance with the terms of said section 14, then the persons holding probationary positions are upon their dismissal given a distinct advantage over permanent civil service employees. For under section 9 of the act, a dismissed probationary employee, in accordance with the provisions of the last sentence of section 9, may be restored to the eligible list for certification to any position within his class other than the one from which he was rejected. No such provision is to be found in section 14 of the act, nor would we expect to find any such provision in the last-named section, which provides for the removal of an employee for incompetency, inefficiency, insubordination, dishonesty, and other like causes specified in section 14. These are serious offenses, and one guilty of any of them would hardly be deemed fit for public service in any capacity, but if we are to construe section 9 and section 14 together, as contended by petitioner, a probationary employee discharged for any of these causes may be restored to the eligible list and given a position in his class, while no such right is given to a permanent employee removed for like causes. Evidently, it was not the intent of the act to  bring about any such unjust, unreasonable and unworkable situation. It seems clear that it was intended

not to limit the appointing power in the dismissal of a probationary employee to those serious offenses specified in section 14, but on the other hand, when in the opinion of the appointing power a probationary employee has been found to be unsuited for, or a misfit, in the position to which he was assigned, he might be dismissed and the commission was given the right to restore him to the eligible list for certification to another position, but not to the one in which he had been found wanting and for that reason dismissed therefrom.

It will be noted that in finding XIV mentioned above, the court found that the reason given by Director Brock in his statement to the commission for petitioner's dismissal was untrue, and was a pretext adopted by him in order to frustrate petitioner from acquiring a permanent civil service status. Relying upon this finding of the court, the petitioner contends that his dismissal was actuated by improper motives on the part of the director and was therefore illegal and should be declared so by this court. Practically the same position was assumed by the petitioner in the case of *Kennedy* v. *State Personnel Board,* 6 Cal. (2d) 340, 344 [57 Pac. (2d) 486]. The board of dental examiners had stated as the reason for Kennedy's dismissal that his conduct and capacity had not been satisfactory to the appointing power. The same reason, as we have seen, was given by Director Brock for petitioner's dismissal. Kennedy contended that this reason was untrue as the Board of Dental Examiners had at the time of his dismissal adopted and passed a resolution that his services were satisfactory, although they subsequently passed another resolution declaring that his services were unsatisfactory and charging him with improper political activity. In passing upon this contention of Kennedy, the court said: "The only remaining contention of petitioner which requires mention is that his dismissal was for improper motives. In this connection he alleges that his services were declared satisfactory by the dental board in a resolution adopted at the time of his dismissal, and that subsequently another resolution was passed charging him with unsatisfactory conduct and improper political activity. In our opinion these allegations do not present an appropriate case for judicial review. There is no sufficient affirmative showing of fraud or bad faith on the part of the board, and it

has been a recognized rule that an inquiry into extraneous facts to determine the possible improper motive of an executive or administrative board in dismissing an employee is not justified. (See *Livingstone* v. *MacGillivray,* 1 Cal. (2d) 546 [36 Pac. (2d) 622]; *State* v. *Kennelly,* 75 Conn. 704 [55 Atl. 555].)''

From the foregoing we conclude that finding XIV of the trial court that the reason given by Director Brock for the dismissal of petitioner was not a valid or sufficient reason for his dismissal from his probationary position is not supported by the evidence. This finding is based entirely upon the assumption that section 14 of the State Civil Service Act controls the dismissal of persons holding probationary positions in the civil service of the state, and that the reason stated by Director Brock for the dismissal of petitioner was not one of the causes, grounds, or reasons specified in said section 14 of the act. In this assumption the trial court was in error as section 9 of said act, and not section 14, is applicable and controls the dismissal of a person holding a probationary position in the civil service of the state. In the dismissal of petitioner, Director Brock, the appointing power under which petitioner was holding his probationary position, complied with all the requirements of said section 9 of said act in order to legally dismiss petitioner from his said position. His dismissal was, therefore, legal, and the judgment of the trial court herein is reversed with directions to enter its judgment that the alternative writ heretofore issued be discharged and that a peremptory writ be denied.

Langdon, J., Edmonds, J., Shenk, J., and Waste, C. J., concurred.

HOUSER, J., Dissenting.—I dissent.

After a decision of the above-entitled appeal had been rendered by the First Division of the First District of the District Court of Appeal, a petition for hearing of the cause by this court was granted. Following further study of the facts and the law that appertain thereto, I am convinced of the correctness of the reasoning that was employed by the District Court of Appeal and the conclusion of law that was reached thereon, as expressed in the opinion and ruling which were prepared by Mr. Justice Tyler of that court. Accord-

ingly, the said opinion is adopted by me as correctly expressing my views with reference to the question that is presented on the appeal. It is as follows, to wit:

"The petitioner, who had for several years held a temporary position in the state department of agriculture and, by virtue of an amendment to the state Constitution, approved and adopted by the electors at the election held on November 6, 1934, was given the status of a probationary employee, was during the term of probation dismissed from his position by A. A. Brock, as director of said department, by whom or by whose predecessor some years before he had been appointed to said temporary position. He brought this action against said director, joining the members of the state personnel board (successor to the civil service commission), William Brownrigg, the executive officer thereof, and Ray L. Riley as state controller, seeking a peremptory writ of mandate, commanding the several named respondents (except Ray L. Riley as controller) to restore him to his position, and commanding the last named to pay him the amount of salary he would have earned but for his removal up to the time of reinstatement, if such should be decreed. In addition he sought general damages for his removal.

"Included in the petition were allegations to the effect that at no time prior to his dismissal did A. A. Brock, the director of the department, nor any other of his superiors express or indicate to petitioner any dissatisfaction with or criticism of his conduct or capacity as such employee; that on January 24, 1935, Brock dismissed him by a written communication, in which he stated as his reason therefor that petitioner's conduct or capacity as such probationary employee had not been satisfactory to him; that on January 18, 1935, Brock, by letters couched in similar terms, dismissed two other probationary employees of the department, and on January 26th four others, and that, as in his own case, no dissatisfaction with their services had been expressed by Brock to them or either of them. No actions have been brought in the other cases. It was further alleged that the reason so stated by Brock for the dismissal of petitioner was not a valid reason for the dismissal of a civil service employee and it was not one of the causes, grounds or reasons specified in section 14 of the Civil Service Act (Stats. 1913, p. 1035, as amended Stats. 1929, p. 251) as the only causes

for which a person holding a position under the provisions of the act might be dismissed; and that the reason so stated was untrue and was a pretext adopted by said Brock in order to frustrate and defeat the intent of article XXIV of the state Constitution and to prevent petitioner from acquiring a permanent civil service status in said department; also that Brock, in dismissing petitioner, was actuated by personal motives and political considerations and by malice. In connection with his demand for payment of salary it was alleged in the petition that at all times the director of the department of agriculture had under his control, and there was in the state treasury, a sum of money available for that purpose sufficient to pay said salary.

"The defendants filed an answer, unverified, in which they denied that the reason given by Brock for the dismissal of petitioner was untrue, or that it was a pretext resorted to in order to defeat the intent of said article XXIV of the Constitution or to prevent petitioner from acquiring a civil service status, or that he was actuated by personal motives, political considerations or malice. The allegations as to the availability of funds under the control of the director of the department of agriculture for the payment of petitioner's demand were also denied; and it was affirmatively alleged that the dismissal was made under and pursuant to the terms of rule 9, sections 1 and 2, of the civil service commission (board of personnel).

"The court made and filed findings of fact and conclusions of law. These were in favor of the petitioner with the exception of the charge that the dismissal was malicious, upon which the court found in favor of the defendants. It ordered a peremptory writ of mandate to issue reinstating the petitioner and that he be paid the amount of salary he would have earned but for his dismissal.

"The defendants have taken this appeal, and in support thereof attack as not supported by the evidence certain of the court's findings, namely, findings XIV and XXI, and also the refusal of the court to find that the principal reason for the rule contained in section 9 of the Civil Service Act, requiring the reasons for dismissing a probationary employee to be stated in writing and filed with the commission, to be in accordance with their contention, and its refusal to

find that in dismissing petitioner, Brock was not actuated by personal motives or political considerations.

"The following is the material part of finding XIV: 'The reason so stated by A. A. Brock, as director of the Department of Agriculture, for the dismissal of Edward B. Neuwald . . . is not a valid or sufficient reason for the dismissal of a civil service employee . . . holding a position under the State Civil Service Act, and is not one of the causes, grounds or reasons specified in section 14 of the State Civil Service Act as the only causes for which a person holding a position under the provisions of the State Civil Service Act may be dismissed, and is not a reason or cause for such dismissal sufficient to satisfy the requirements of section 14 of the State Civil Service Act or of rule 9 of the State Civil Service Commission. The reason so stated by A. A. Brock, as director of the Department of Agriculture . . . and his statement of his reason, was and is untrue, and was and is a pretext adopted by respondent A. A. Brock, acting as director of the Department of Agriculture, in order to frustrate and defeat the intent and purpose of art. XXIV of the Constitution of California and to prevent Edward B. Neuwald from acquiring a permanent civil service status. . . . In so dismissing Edward B. Neuwald the respondent A. A. Brock acted in violation of law but he was not actuated by personal malice.'

"It is conceded on behalf of the petitioner that being in a probationary period of service (created under the provisions of article XXIV of the Constitution and granted to temporary employees who had undergone no competitive examination, and consequently had never had any status on an eligible list) he could be dismissed by the appointing officer; but it is contended, first, that he could be dismissed only for one or more of the reasons enumerated in section 14 of the Civil Service Act, as the trial court found; and second, if he could be dismissed for any other reason, that specified by Brock was nevertheless insufficient.

"Section 14 of said act, so far as here material, reads as follows: 'The tenure of every person holding a position under the provisions of this act shall be during good behavior, but any such person may be removed, demoted, suspended without pay or with reduced pay, transferred to another position in the same class, reprimanded, or restored to his

position with such pay as may be equitable under a procedure in conformity with the provisions of this section which shall be set up by the commission in its rules and regulations, for any of the following causes: incompetency, inefficiency, insubordination, dishonesty, intemperance, immorality, profanity, discourteous treatment of the public or other employees, improper political activity, wilful disobedience, violation of the provisions of this act or of the rules and regulations of the commission. . . .

" 'The appointing power . . . may file charges against any person employed by the state under and subject to the provisions of this act, for dismissal or other corrective action for any or all of the causes hereinbefore provided and suspend such employee from service until such time as the charges against him shall have been heard or investigated by the commission and a decision rendered. Such charges must be made in writing and clearly state the specific act or acts of the employee constituting such cause. . . . ' The section goes on to provide for service of the charges upon the employee, and a procedure for their hearing and determination by the commission or a commissioner or the chief examiner or any agent of the commission, and that the decision of the commission shall be final.

"It is quite obvious that in respect to the general language found in the section, namely, 'the tenure of every person holding a position under the provisions of this act', it applies not only to the employees who have passed from their probationary period to permanent tenure, but is also applicable to probationary employees. When the statute prescribes the grounds upon which civil service employees may be removed, they are removable for one of those specified grounds. Here the language of the section points out for what offenses an employee may be removed, and the mere fact that petitioner was unsatisfactory to Brock is not a sufficient reason under the act for his removal. The trial court took evidence as to the conduct of petitioner during the long period of his employment and found him at all times prior to his dismissal to be without fault. We are of the opinion that the evidence fully supports the judgment.

"It is further claimed that there is no evidence supporting finding XXI, that there were funds in the treasury to meet the demand. Petitioner pleaded the existence in the state

treasury of a sum of money sufficient for that purpose. While an unverified answer was filed to the verified petition, the trial court found that there was a sufficient sum in the state treasury available for the purpose, which the judgment orders to be used for that purpose. Under these circumstances the burden was upon the state officers to prove there was no fund as they had special knowledge of the facts."

Rehearing denied. Houser, J., voted for a rehearing.