Mary L. MIRACLE, Appellant,

v.

Robert E. GABLE, Commissioner, Department of Parks, Commonwealth of Kentucky, Appellee.

Court of Appeals of Kentucky.

March 27, 1970.

Edward F. Prichard, Jr., Frankfort, for appellant.

James G. Apple, Robert H. Penn, Frankfort, for appellee.

EDWARD P. HILL, Jr., Chief Justice.

On August 1, 1967, appellee employed appellant as custodian of William Whitley House State Shrine in Lincoln County, Kentucky. Her job status under the State Merit System (Chapter 18, KRS) was probationary for a period of six months. Within the six-months period, and on January 26, 1968, she was discharged by appellee. She filed this declaratory judgment suit that resulted in denying relief to her. She appeals assailing the timeliness and sufficiency of the notice (a letter) terminating her employment. We conclude the notice of discharge was timely and sufficient and affirm the judgment.

All parties to this appeal agree that Personnel Department Rule 11.3, entitled "Separation During the Probationary Period," defines the duties of appellee and the rights of appellant with respect to the discharge of appellant. This Rule is quoted:

"If at any time during the probationary period, the appointing authority determines that the services of the employee have been unsatisfactory, an employee may be separated from his position without the right of appeal or hearing. The appointing authority shall notify the employee in writing at least ten (10) working days prior to the effective date 'of separation of the reasons for the separation."

■ Obviously some "ambiguity exists" in Rule 11.3 as admitted by appellee. But when the two sentences are read together, we conclude that the second sentence is directory as to time.

■ Under this Rule appellee had a right to terminate appellant's employment for any reason, political or otherwise, during the first six months of her employment, and that right continued up to the last day, the last hour, and the last minute of the six-months period "without the right of appeal or hearing" to appellant. Well it may be that in event notice of "separation" were given on the last day of the probationary period, appellant would have ten days in which to try to dissuade the "separation" arrangement. But in the present case, appellant was paid for the last four days of her probationary period, plus six additional days. That is all to which she was entitled. Although numerous cases and other authorities are cited by appellant and appellee and in the trial court's findings of fact and conclusions of law, we do not find any of them directly in point on the specific question here presented.

Appellant contends, as noted above, (1) she was entitled to notice of separation "at

least ten working days prior to the effective date of separation," and (2) the notice to her was insufficient in that no reason was given for the separation.

We have discussed the first argument and turn now to the sufficiency of the notice. Herewith we quote the pertinent part of the notice (letter of separation): "The cause of this termination relates to your unsatisfactory work concerning assigned duties and responsibilities."

 We find this argument without merit for two reasons: (1) the question was not presented to the trial court; and (2) the "reason" given is found to be sufficient.

We think of two reasons for requiring notice in Rule 11.3. The first reason perhaps is to give the employee an opportunity to explain his grievance and to try to change the mind of the employer; and second, to give the employee some time in which to seek other employment. The reason would seem sufficient if it imparts to the employee the general nature of the complaint. It must be remembered that under the Rule in question, the employee is not entitled to a hearing or an appeal. The appellant did not ask for or demand a hearing or for more specific reason.

There was a time when the employer, whether public or private, had an absolute right to discharge an employee with or without "rhyme or reason." But with the advent of merit systems and laws pertaining to job security, the employer is limited in the matter of discharge of an employee under these systems to just cause. However, more recently laws or rules promulgated under law have made wise provision for a probationary period during which time the employer may "try out" the employee. To require specific assignment of reason for discharge would tend to destroy the very purpose of the Rule.

Here the notice not only advised appellant that her work was unsatisfactory, but advised her in which area it was unsatisfactory when it referred to "assigned duties and responsibilities." We conclude the reason assigned in the letter terminating appellant's employment was sufficient. See Dargo v. United States, 176 Ct.Cl. 1193 (1966), and Neuwald v. Brock, 12 Cal.2d 662, 86 P.2d 1047 (1939).

It is of no legal consolation to appellant that on January 20, 1968, "an employee of the department" notified her by letter that her "work was satisfactory."

The judgment is affirmed.

All concur.