JOSEPH P. YOUNIE *vs.* DIRECTOR OF DIVISION OF UNEMPLOYMENT COMPENSATION.

Suffolk. May 13, 1940. — September 11, 1940.

Present: FIELD, C.J., DONAHUE, DOLAN, COX, & RONAN, JJ.

*Civil Service.*

A disabled veteran, appointed to a position under the civil service under G. L. (Ter. Ed.) c. 31, § 23, as amended by St. 1939, c. 238, § 30, was subject to removal within the probationary period established by Civil Service Rule 18 (1) without assignment of cause and without a hearing although others continued to be employed in similar positions who were appointed at the same time and from the same list as he and were not disabled veterans.

PETITION, filed in the Superior Court on January 18, 1940, for a writ of mandamus.

The case was heard by *T. J. Hammond*, J.

*J. M. Langan*, for the petitioner.

*R. Clapp*, Assistant Attorney General, for the respondent.

DOLAN, J. This is a petition for a writ of mandamus in which the petitioner seeks to compel the respondent to restore him to his office or employment as superintendent of claims in the division of unemployment compensation of the department of labor and industries, without loss of compensation. The case comes before us on the petitioner's appeal from the order entered by the judge sustaining the respondent's demurrer. See *Keljikian* v. *Star Brewing Co.* 303 Mass. 53.

The material allegations of the petition are these: The petitioner is a disabled veteran of the Great War and is

"listed and recorded as such in the division of civil service." On December 30, 1938, a letter under date of December 29, 1938, from the unemployment compensation commission [1] was received by the petitioner offering him an appointment as superintendent of claims at an annual salary of $1,920. The petitioner accepted the appointment by letter mailed to the commission on December 30, 1938. On January 5, 1939, the petitioner actually went to work. This date "was within the thirty (30) days required by Rule 17 (2) of the department of civil service and registration." Thereafter the petitioner was employed up to July 3, 1939, when he was dismissed by a letter dated June 30, 1939, and signed by the respondent. So far as material the letter reads as follows: "Dear Mr. Younie; Civil Service regulations require that a six months probationary period be served by all appointees before the position becomes permanent. We are therefore notifying you previous to the expiration of your probationary period of the termination of your services with the Division of Unemployment Compensation as of the close of business on Monday, July 3, 1939. Very truly yours, J. EDWIN DOYLE . . . Director."

The petitioner further alleged that he is a disabled veteran of the Great War and that as such he is entitled to appointment and employment in preference to all other persons including veterans, under G. L. (Ter. Ed.) c. 31, § 23, as amended; that at the time of his dismissal there were retained in a similar position many persons who were appointed at the same time as he was and that many of these persons are not disabled veterans.

The respondent demurred to the petition assigning among other reasons that upon the allegations of the petition the petitioner by virtue of the provisions of Civil Service Rule 18 (1) made under authority of G. L. (Ter. Ed.) c. 31, § 3, as amended by St. 1939, c. 238, § 12, and c. 498,

---

[1] See now G. L. (Ter. Ed.) c. 23, §§ 9I–9N, as amended by St. 1939, c. 20, "providing for the administering of the unemployment compensation law by a division of unemployment compensation in the department of labor and industries . . . ."

§ 1, did not hold office or employment in the classified public service.

It is stated in the brief presented by the Attorney General in behalf of "the director of the division of unemployment compensation" that the respondent Doyle has ceased to hold office as such director and that the present director is Robert E. Marshall. The latter has not been substituted as party respondent as provided in G. L. (Ter. Ed.) c. 249, § 5, as amended by St. 1938, c. 202, but the Attorney General states that it is not contended that, if the writ should issue, it may not run against the present director "if and when" an amendment to the petition is made substituting him as party respondent.

G. L. (Ter. Ed.) c. 31, § 23, as amended by St. 1939, c. 238, § 30, provides that "The names of veterans who pass examinations for appointment to any position classified under the civil service shall be placed upon the eligible lists in the order of their respective standing above the names of all other applicants, except that any such veterans who are disabled and who present a certificate of any physician, approved by the director, that their disability is not such as to prevent the efficient performance of the duties of the position to which they are eligible and who shall present proof satisfactory to the director that such disability was received in line of duty in the military or naval service of the United States in time of war or insurrection and is a continuing disability shall be placed ahead of all other veterans on such eligible lists in the order of their respective standing." Other provisions of this section call for the presentation of an honorable discharge or an equivalent release from active military duty and for other requisites of similar character not here material. The section further provides that "A disabled veteran shall be appointed and employed in preference to all other persons, including veterans."

The question is whether the respondent director had power under the civil service laws to remove the petitioner within the probationary period, except for just cause and after a hearing, while others were continued to be employed

in similar positions as superintendents of claims in the division of unemployment compensation who were appointed at the same time and from the same list as the petitioner and who were not disabled veterans.

It is settled by *Allen* v. *Chief of Police of Cambridge,* 259 Mass. 286, 287, that the provisions of G. L. c. 31, §§ 21–28, inclusive (now G. L. [Ter. Ed.] c. 31, §§ 21–28, inclusive, as amended) do not exempt veterans from the provisions respecting the probationary period of six months contained in Rule 18 of the civil service rules. Chapter 31, § 3, as amended by St. 1939, c. 238, § 12, and c. 498, § 1, requires the commission to make a rule providing for "A period of probation before an appointment or employment is made permanent." Rule 18 (1) provides as follows: "No person appointed in the official or labor division shall be regarded as holding office or employment in the classified public service until he has served a probationary period of six months." It is established by numerous decisions of this court that this is a valid rule having the force of law under G. L. (Ter. Ed.) c. 31, § 3, and that "during the period of probation established by it an appointee or employee may be discharged without the notice and opportunity for a hearing otherwise required by § 43." *Crimmins* v. *Highway Commission of Brockton,* 304 Mass. 161, 163, and cases cited. *Gibney* v. *Mayor of Fall River, ante,* 561. "The principal — if not the exclusive — basis for regulation by statute of the selection of persons for employment in the public service is their qualifications for the performance of the duties that are to be performed." *Opinion of the Justices,* 303 Mass. 631, 648. See *Opinion of the Justices,* 166 Mass. 589; *Mayor of Lynn* v. *Commissioner of Civil Service,* 269 Mass. 410, 414, and cases cited. The manifest purpose of c. 31, § 3 (e), is that the fitness of an appointee be actually demonstrated by service within a probationary period.

The provisions of § 23 relating to disabled war veterans were first enacted by St. 1922, c. 463. At that time the Legislature must be taken to have known of the provisions of the civil service law requiring the board to make among

other rules one establishing a period of probationary service before an appointment or employment is made permanent (c. 31, § 3 [e]), and also one providing for "Preference to veterans in appointment and promotion, not inconsistent with this chapter" (c. 31, § 3 [f]). Those provisions were contained in G. L. c. 31, § 3, when St. 1922, c. 463, was enacted.

In interpreting the meaning of § 3 (f) in *Allen* v. *Chief of Police of Cambridge*, 259 Mass. 286, 287, the court, after quoting that section, said: "By implication this means that all general rules are applicable to veterans as well as to others unless otherwise specified." We are unable to perceive anything in § 23 or in the other provisions of c. 31 relative to "Veterans' Preference" that can be construed to mean that disabled veterans are not subject to the civil service rules. The Legislature has not so specified. We think that by the provisions of § 23 which relate to disabled veterans the Legislature intended that the names of those who passed examinations for appointment to any position classified under the civil service should be placed ahead of all other veterans on the eligible lists in the order of their respective standing; that, when certified for appointment, the appointing power could not decline to appoint them to serve and appoint others who were not disabled veterans; that having completed the probationary period of service disabled veterans (subject to the provisions of § 43) should be continuously employed in preference to all others (whether subject to the provisions of § 46G inserted in c. 31 by St. 1935, c. 408, we are not called upon to decide[1]); and that the Legislature did not intend that they, as distinguished from other veterans and all others, should not be subject to the civil service rules established by its own mandate.

The civil service law as a whole (and the rules made under direction of § 3 have the force of law) "ought, if possible, to be so construed as to make it an effectual piece of legislation in harmony with common sense and sound

---

[1] See Opinion of the Attorney General, Report of the Attorney General, 1936, page 71.

reason." *Knapp* v. *Amero*, 298 Mass. 517, 522. To hold that under § 23 disabled veterans do not come within the scope of Rule 18 (1) would "contravene the mandatory provisions of c. 31, that there shall be a period of probation before an appointment or employment is made permanent." *Crimmins* v. *Highway Commission of Brockton*, 304 Mass. 161, 171.

Since the petitioner was dismissed prior to the expiration of the probationary period of service fixed by Rule 18 (1) under the authority of § 3 (e) he cannot be regarded as then having been "holding office or employment in the classified public service." It follows that his removal was valid.

*Order sustaining demurrer affirmed.*
*Petition dismissed.*