[Civ. No. 13815.  First Dist., Div. Two.  Mar. 30, 1949.]

JOHN W. SNELLING, Appellant, v. CIVIL SERVICE BOARD OF THE CITY OF OAKLAND et al., Respondents.

[Civ. No. 13895.  First Dist., Div. Two.  Mar. 30, 1949.]

JOHN W. SNELLING, Appellant, v. CITY OF OAKLAND et al., Respondents.

864

J. Paul St. Sure and Edward H. Moore for Appellant.

John W. Collier, City Attorney, and J. Kerwin Rooney, Assistant City Attorney, for Respondents.

NOURSE, P. J.—These two appeals are presented on the same record. The first is an appeal from an order denying an injunction, the second from a judgment denying a writ of mandate.

Appellant held a probationary appointment as a patrolman in the Oakland Police Department. Before he had served a full year as such he was discharged from duty. The sole question raised by him on both appeals is whether, under the charter and the applicable rules, he was entitled to serve the full year period subject to discharge only after charges filed and a hearing before the civil service board.

Briefly the facts are these: Appellant was given a probationary appointment on December 21, 1946. On November 14, 1947, he was discharged upon request of the city manager. On November 17, 1947, he filed a complaint for an injunction. On December 23, 1947, judgment denying the application for an injunction was entered.

The first appeal presents a moot question since no injunction could have been issued to prevent an act which was already completed. The maximum of probationary service which appellant could claim was one year. This period had expired when the order appealed from was entered. Section 78 of the Oakland Charter provides that all appointments to the municipal civil service "shall be on probation of a character and for a period to be fixed by the rules of the Board [Civil Service] but not to exceed one year."

The appeal from the order denying an injunction, No. 13815, must therefore be dismissed.

■ The second appeal presents a similar question. The complaint for a writ of mandate was filed January 7, 1948. It prayed for an order "to reinstate petitioner to his position as Patrolman." The only position to which he could have been reinstated was that of a probationer and his period of probation had expired before the petition was filed.

■ However on examination of the municipal charter we reach the same result. Section 78 of the Oakland Charter provides for the certification to the appointing power of persons eligible to appointment in the civil service: "Such appointment shall be on probation of a character and for a period to be fixed by the rules of the Board, but not to exceed one year." Rule 56 of the Civil Service Board provides: "Any person who has accepted a regular appointment from an entrance eligible list shall be on probation for a period of one year from the date of regular appointment. . . ."

Rule 97 provides: "(a) When an appointing power determines that a probationer, who has been appointed from an entrance eligible list, is incompetent or unqualified to perform the duties of his position, he shall report the same to the Board in writing with a statement of the reasons therefor, and request approval of the removal of such probationer. Upon approval by the Board, such probationer shall be removed by the appointing power, . . ."

It should be noted that the charter section declares that probationary appointments shall be "of a character" fixed by rule of the board; that rule 97 authorizes removal when the appointing power "determines" that a probationer is unqualified. Read together the conclusion is that the "character" of the appointment is that stated in rule 97—that the probationer is subject to removal by the appointing power with the single limitation that the civil service board must give its approval. This is the condition which the legislative bodies have seen fit to enforce and it is the condition upon which appellant accepted the appointment. It is not competent for the courts to add further restrictions by reading something into the character and rules which the properly constituted legislative bodies did not provide for.

The proper reading of these provisions force the conclusion that a probationer is subject to removal under rule 97 at any time before the expiration of his year of service and that therein lies the distinction between a probationer and a regular employee. This interpretation is supported by *Newwald* v. *Brock,* 12 Cal.2d 662, 671 [86 P.2d 1047]: "It is

equally clear that he was subject to dismissal during the period of such probationary term, for otherwise the term 'probationary' would be meaningless, and the distinction between civil service employees with permanent status, and probationary employees with temporary status, would be obliterated.'' And we should add that if appellant's interpretation of the rules were to be followed a probationer would be in a better position than a regular employee because he could not be removed for any cause until the end of the year whereas a regular employee would always be subject to removal on charges filed. This would follow because the provisions for charges, trial and removal apply only to regular employees, whereas the ''character'' of the employment of the probationer is fixed by the civil service board under the express terms of the charter. As we have seen the rule of the board does not require either charges or trial for the removal of a probationer.

We conclude that rule 97 is all inclusive and fixes the rights of the parties hereto. ▪▪▪ But if we should assume that appellant is correct in his contention that he was entitled to a full year of probation his removal at the end of the eleventh month would nevertheless become effective automatically at the end of the year. Hence when this petition was filed there was nothing to mandate (*Palmer* v. *Wolff*, 88 Cal.App.2d 979 [200 P.2d 167]) and the appeal becomes useless.

Appeal in No. 13815 dismissed.

Judgment in No. 13895 affirmed.

Goodell, J., and Dooling, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 26, 1949.