People of State of Illinois ex rel. James K. Wiechern, Appellee, v. Richard Smykal, Acting Commissioner of Department of Buildings, City of Chicago; Stephen E. Hurley, President, Albert W. Williams, and John J. Ahern, Members of and Constituting Civil Service Commission of City of Chicago; James H. Dillard, Comptroller of City of Chicago; and David L. Hartigan, Acting Treasurer of City of Chicago, Appellants.

Gen. No. 46,867.

First District, First Division.

November 19, 1956.

Released for publication February 11, 1957.

John C. Melaniphy, Corporation Counsel of City of Chicago, for defendants-appellants; L. Louis Karton, Head of Appeals and Review Division, Sydney R. Drebin, and Robert J. Collins, Assistant Corporation Counsel, all of Chicago, of counsel.

Michael F. Ryan, of Chicago, for appellee; Richard F. McPartlin, Jr., of Chicago, of counsel.

JUDGE FRIEND delivered the opinion of the court.

This is a mandamus proceeding by a former employee of the building department of the City of Chicago who was discharged during his probationary period. He asked that the court declare his discharge illegal, and that it order his reinstatement and reimbursement of alleged lost salary.

The complaint alleged that plaintiff took and successfully passed the civil service examination for the position of building inspector of the City of Chicago; that thereafter, on September 16, 1954 he was appointed to the position, entered upon the performance of his duties on that date, and continued therein up to and including February 5, 1955; that on the latter date he received a letter from the acting commissioner of the department of buildings of the City of Chicago, dated February 4, 1955, stating that his services as a building inspector were terminated, effective February 4, 1955, because plaintiff had "made false and misleading statements" in his application for building inspector; that he performed his duties to the complete satisfaction of his superiors and was guilty of no matter, cause or thing showing inefficiency or incapacity in the performance thereof; that the records of the civil service commission disclose that on February 4, 1955 the acting commissioner of the department of buildings addressed a letter to the president of the civil service commission stating that effective Febru-

ary 4, 1955 he was terminating the services of the plaintiff as a probationary civil service building inspector for the reason that the civil service rating sheets filed in the civil service examination, taken on May 22, 1954, contained false and misleading information as to education; that on February 4, 1955 the civil service commission addressed a letter to the acting commissioner of the department of buildings stating that on that date the commission had entered an order granting authority for the discharge of plaintiff, and that the minutes of the commission further indicated that authority was granted for his discharge on that date; that in December 1954 he had been notified to appear at the offices of the civil service commission for the purpose of reviewing the experience rating form submitted by him in the original entrance examination for the position of building inspector; that he had appeared at the time and place requested and was questioned relative to his attendance at De La Salle High School and at the Illinois Institute of Technology; that he submitted diplomas attesting his attendance at and graduation from said schools; that attendance at or graduation from a high school, college or technical school was not a qualification for eligibility to participate in the examination for building inspector, and that he at no time had made any false statements concerning his education. In his complaint he quoted from section 10 of the Cities Civil Service Act (Ill. Rev. Stat. 1955, ch. 24½, par. 48) and section 5 of rule IV of the civil service commission, and alleged that the purpose of the probationary period provided for in the statute and the rules is to afford a department head an opportunity to observe the appointee in the actual performance of his duties so as to determine whether he can adequately perform such duties; that under the statute and the rules, the power of removal during probation is vested in the head of

the department, subject to the prior approval of the civil service commission in the manner set forth in its rules; that the commission is not vested with the power of removal during the probationary period, and has no power to order the removal of a probationary appointee; and that during probation the jurisdiction of the civil service commission is limited under the statute and the rules to consenting to or approving a request for the discharge of a probationary appointee voluntarily made by the head of the department in which the appointee is working. He alleged, on information and belief, that he was not voluntarily discharged by the acting commissioner of the department of buildings but that the acting commissioner was ordered and directed by the civil service commission to discharge him; and that the commission was without warrant, authority or jurisdiction to direct him to report for any interviews, and was without authority to subvert the provisions of the statute by usurping the functions of the head of the department of buildings in directing the discharge of plaintiff during his probationary period; and additionally he charged that his dismissal was arranged and predetermined by Stephen E. Hurley, then president of the civil service commission.

It was further alleged that the purported reason for discharge assigned by the acting commissioner of the department of buildings in his letter of discharge to plaintiff was different from the purported reason for discharge set forth in the letter to the civil service commission under the same date; that by reason thereof there was no legal consent given by the civil service commission to the discharge of the plaintiff because there was no meeting of the minds between the acting commissioner and members of the civil service commission as to the reason for plaintiff's discharge; that it appears from the letter to the commission that

401

the acting commissioner of the department of building did not request the prior approval of the commission but merely informed the commission that he was terminating the appointment of the employee, and that by reason thereof the action of the commissioner was premature, void, illegal and of no force and effect. There were further allegations in the complaint pertaining to plaintiff's right for reimbursement for loss of salary.

Defendants filed their motion to strike the complaint and dismiss the suit, contending that the complaint did not show a clear and undeniable right in plaintiff for the relief he sought, and was insufficient to warrant the granting of the writ of mandamus; that the defendants did not violate any duty incumbent upon them to perform but acted strictly in conformity with and pursuant to the law and the statute; that section 10 of the Cities Civil Service Act vested the power of removal of probationary civil service employees exclusively in the heads of departments of municipalities, and that such power is wholly administrative, discretionary and summary in nature, and that therefore mandamus does not lie to review such discretionary act; that the complaint showed and admitted that plaintiff was appointed a probationary building inspector, was suspended and later discharged during his probationary period pursuant to written request, by the acting commissioner of the department of buildings for the reasons stated therein, for concurrence therein and authority therefor, which request was granted, in writing, by the civil service commission. The court denied the motion of defendants to strike the complaint and to dismiss the suit, and ordered them to file their answer.

Defendants' answer admitted that plaintiff had passed the examination for building inspector, that he was certified and appointed a probationary build-

ing inspector, and averred that on February 4, 1955 the acting commissioner of the department of buildings sent plaintiff a letter terminating his services as a probationary employee because he had made false and misleading statements in his application; that the civil service commission entered an order granting authority for the discharge of plaintiff for the reasons indicated in the letter of the building commissioner to the commission, and that its records indicated that such authority was granted in the minutes of the commission under date of February 4, 1955. The answer of defendants also admitted that plaintiff was called before the civil service commission on December 17, 1954 for the investigation of data submitted by plaintiff in the examination for building inspector, but denied plaintiff's allegations that he had not made any false statements concerning his education. The answer then quoted portions of section 10 of the Cities Civil Service Act, section 5 of rule IV and section 6 of rule II of the rules and regulations of the civil service commission, and alleged that section 6 of rule II providing that no hearing shall be necessary prior to discharging a probationary employee was in full force and effect at the time plaintiff was suspended and discharged on February 4, 1955, and therefore plaintiff could not possibly be entitled to a hearing before his discharge as a probationer; and that there is no provision in section 10 of the Cities Civil Service Act or in the rules of the civil service commission that provide for a hearing for a probationer before his discharge.

No testimony was adduced upon the hearing. The judgment order was entered on plaintiff's motion for judgment on the pleadings. Defendants appeal.

■ Defendants argue and cite cases in support of their contention that a motion for judgment on the pleadings should be denied where issues of fact are

raised by the pleadings, but we have reached the conclusion, after an examination of the pleadings, the statute and the rules, that the court should have sustained defendants' motion to strike the complaint and to dismiss plaintiff's suit since it appears on the face of the record that plaintiff was properly discharged. It is admitted that plaintiff was a probationer who had not yet completed his six-month probationary service. He was therefore subject to the provisions of the Civil Service Act and to the rules of the civil service commission which pertain to probation. Section 4 of an Act to Regulate the Civil Service of Cities (Ill. Rev. Stat. 1955, ch. 24½, par. 42) gives the civil service commission authority to make rules to carry out the purpose of the Act. Section 10 (par. 48) of the Act provides that "at or before the expiration of the period of probation, the head of the department or office in which a candidate is employed may, by and with the consent of said commission, discharge him upon assigning in writing his reason therefor to said commission." Originally section 6 of rule II of the rules of the civil service commission provided that proof of false statements made in any application or in any experience rating sheet or other statements given in an examination or of the violation of any statute or of any rule should be grounds for excluding an applicant from an eligible register or for dismissal from the service after certification, provided that the appointee be given an opportunity to be heard in his own defense. However, effective November 19, 1953, the above section was amended so that the provision for a hearing does not apply to a probationer; and since plaintiff was appointed on September 16, 1954 and discharged as a probationer on February 4, 1955, he was not entitled to a hearing before discharge. It therefore appears that plaintiff, as a probationer, was

properly discharged in accordance with the statute and the rules of the commission.

The allegation of the complaint that plaintiff was discharged, not at the initiation of the acting head, but, rather, at the instigation of the commission, is stated upon information and belief. However, plaintiff's complaint set forth in full the letter of the head of the building department directed to the president of the civil service commission with reference to termination of plaintiff's service, and also the letter of the commission addressed to the building department head granting authority for plaintiff's discharge. It is thus apparent that the procedure followed by the department head and the commission was in compliance with the statute. Inasmuch as plaintiff was not entitled to a hearing under the rules of the commission, it appears on the face of the complaint that plaintiff was properly discharged, and defendants' motion to strike the complaint and to dismiss the suit should have been allowed.

■ Plaintiff raised the question whether a misstatement of educational background would justify the removal and discharge of a probationer. In People ex rel. Jendrick v. Allman, 396 Ill. 35, the court was asked to consider the constitutionality of an amendment to the Civil Service Act which provided in effect that no person appointed in the classified civil service who was entitled to military preference should be removed or discharged because he misstated his age. In holding the amendment invalid, the court observed that the attempt of the General Assembly not only to grant a veteran immunity from the consequences of his fraudulent act, but to secure for him a reinstatement of his position, which he fraudulently obtained in the first instance, is repugnant, not only to the constitutional provision against granting special privileges and immunities to favored classes, but is likewise re-

405

pugnant to basic morality. Educational background may be a significant factor to be considered in employing personnel, and the attitude of the court with reference to a misstatement concerning age is likewise applicable to a misstatement concerning academic preparation.

On oral argument plaintiff stressed what was said in People ex rel. Walker v. O'Connor, 351 Ill. App. 545. The Walker opinion was filed on July 2, 1953, while the amendment to section 6 of rule II of the civil service commission did not become effective until November 19, 1953; hence, the underlying reasons for the decision in that case are no longer controlling. The Act as amended does not provide a hearing for a probationer, but only for those civil service employees who have been appointed and have completed their six-month probationary period.

For the reasons indicated we are of opinion that the motion for judgment on the pleadings should have been denied, and the motion to strike the complaint and to dismiss the suit should have been sustained. Accordingly, the judgment of the Circuit Court is reversed, and judgment is entered here against plaintiff for dismissal of the suit.

Judgment in favor of plaintiff reversed and judgment entered here against plaintiff for dismissal of suit.

NIEMEYER, P. J. and BURKE, J., concur.