425 P.2d 145 (1967)
Richard D. MUELLER, Appellant,
v.
ALASKA STATE BOARD OF PERSONNEL, Appellee.
No. 738.
Supreme Court of Alaska.
March 13, 1967.
Stephen S. DeLisio and Robert J. McNealy of McNealy & Merdes, Fairbanks, for appellant.
Lynn P. Bartlett, Asst. Atty. Gen., Fairbanks, Warren C. Colver, Atty. Gen., Juneau, for appellee.
Before NESBETT, Chief Justice, RABINOWITZ, Justice, and SANDERS, Superior Court Judge.
RABINOWITZ, Justice.
This appeal concerns the State Personnel Act of 1960 and certain rules promulgated thereunder. The personnel board held that appellant did not have the right to a hearing before it in regard to his dismissal from the position of lease and sales manager within the Division of Lands of the State of Alaska. The superior court affirmed the board's decision after the matter came before it upon appellant's petition for review.[1] We hold that appellant has the right to a hearing before the personnel board.
Briefly the pertinent facts are as follows: On July 10, 1963, appellant was appointed *146 by the Division of Lands to the position of realty assistant II. Approximately one year later, on July 1, 1964, appellant was promoted to the position of lease and sales manager. On April 18, 1965, appellant was dismissed by the Division of Lands on that grounds that
he had been unaccountably absent from his position for several days and that he had acted in defiance of established policy in contacting the BIA and BLM in connection with the sale of wilderness lands.
Pursuant to the Alaska State Personnel Rules, appellant then petitioned the personnel board "for a hearing on the merits of his appeal." The board determined that appellant was
not eligible to appeal his dismissal from the position of Lease and Sales Manager in that he was on probationary status at the time of the dismissal action.
Appellant then brought his case before the superior court on a petition for review, and the superior court affirmed the board's decision. The single issue presented by this appeal is whether appellant has a right to a hearing (alternatively referred to as a right to appeal) before the personnel board concerning the merits of his dismissal.
Determinative here are the provisions of the State Personnel Act of 1960,[2] as well as several rules which were adopted under the act. The stated purpose of the State Personnel Act is to
establish a system of personnel administration based upon the merit principle and adapted to the requirements of the state to the end that persons best qualified to perform the functions of the state will be employed, and that an effective career service will be encouraged, developed and maintained.[3]
The act established a personnel board[4] and gave to it, as one of its powers and duties, the right to "hear and determine appeals by employees in the classified service as provided in § 170 of this chapter."[5] In regard to hearings and appeals, AS 39.25.170(a) of the State Personnel Act provides:
An employee in the classified service who is dismissed, demoted, or suspended for more than 30 working days in a 12-month period shall be notified in writing by his employer of the action and the reason for it and may be heard publicly by the personnel board and may be represented by counsel at the hearing. In order to be heard, the complainant shall request a hearing within 15 days of dismissal, demotion or suspension.[6]
Also of significance is the fact that the State Personnel Act of 1960 empowered the director of personnel, together with the board, to promulgate rules[7] and specifically required that "The personnel rules shall provide for * * * a period of probation not to exceed one year before appointment or promotion is permanent * * *."[8]
The personnel rules, which were promulgated pursuant to the State Personnel Act of 1960 and in effect at the time in question, *147 provided that an employee holding permanent status "may be dismissed by the appointing authority for just cause only."[9] As to employees lacking permanent status, the rules provided that they "may be dismissed at any time at the discretion of the appointing authority."[10] In conformity with AS 39.25.170(a) the personnel rules also accorded the right of appeal to an "employee in the classified service who is dismissed, demoted, or suspended for more than 30 working days in a 12 month period * * *."[11]
Of particular significance in the determination of this appeal is interpretation of Personnel Rule 6 which deals with dismissals occurring during a probationary period.
Personnel Rule 6 04.1 provides that:
At any time during an initial probationary period an employee may be separated from the service after prior notice but without right of appeal or hearing, and the reasons given for the dismissal shall be filed with the Director at the time the notice is given.
The conflict between the parties here revolves about the proper construction of Personnel Rule 6 04.3, which reads in full as follows:
The provisions of Rule 6 04.1 shall apply to an employee serving a probationary period as a result of promotion except that if such employee fails to satisfactorily complete the probationary period he shall have the right to accept demotion in lieu of dismissal to any position in his department or agency in a classification in which he holds permanent status, and which is not filled by an employee with probationary or permanent status. If no such position exists, he shall be treated as a layoff employee in the agency and classification in which he last held permanent status. Employees covered under this Rule shall have the right of appeal afforded in Rules 12 01.1 and 12 01.2.
Appellant notes that at the time of his dismissal he had attained permanent status in the position of realty assistant II and was on probationary status in regard to the position of lease and sales manager. Appellant *148 argues that these facts bring him within the category of employees intended to be covered by Personnel Rule 6 04.3. From the foregoing, appellant's position is that the last sentence of Personnel Rule 6 04.3 establishes the right of an employee coming within its coverage to an appeal to the personnel board.[12]
Appellee contends that appellant's argument fails to take into account the provivisions of AS 39.25.150(7)[13] which authorized the promulgation of rules requiring one year's probation before appointment or promotion becomes permanent. Appellee points to this section of the State Personnel Act of 1960 as reflecting the legislature's recognition of a distinction between permanent status and probationary status for both initially appointed as well as promoted employees.[14] Appellee further argues that Personnel Rule 6 04.3 is consistent with this statutory recognition of the distinction between permanent and probationary employees. The crux of appellee's position can be found in its interpretation of the last sentence of Personnel Rule 6 04.3 which reads: "Employees covered under this Rule shall have the right of appeal afforded in Rules 12 01.1 and 12 01.2."
Appellee reads "this Rule" as not encompassing all of Personnel Rule 6 04.3 for the reason that a broader reading would eliminate any distinction between permanent and probationary status and would make nugatory Rule 6 04.3's incorporation of Rule 6 04.1. According to appellee's construction "this Rule" was "intended to refer only to the second provision of 6 04.3 which grants a right of demotion rather than dismissal and [was] * * * not intended to refer to the whole of the rule."
Although resolution of the issue presented by this appeal is not free from doubt, we hold that under the wording of Personnel Rule 6 04.3 appellant has a right to appeal to the personnel board his dismissal from the promoted probationary position of lease and sales manager. We believe that any ambiguity in Rule 6 04.1 in regard to the right to appeal a dismissal to the personnel board should be resolved *149 in favor of an employee who was promoted from a position in which he had (or subsequently attained) permanent status.[15] We hold that pursuant to the last sentence of Rule 6 04.3 appellant has a right to appeal his dismissal to the personnel board.[16]
In holding Rule 6 04.3 furnishes appellant a right of appeal, we find it unnecessary to construe AS 39.25.170(a)'s grant of an appeal to any employee in the classified service who is dismissed.[17] Nevertheless, we are of the opinion that the intended scope of AS 39.25.170(a) and its relation to AS 39.25.150(7) is of sufficient importance to warrant review of our legislature in order that any potential ambiguity in the Personnel Act, in regard to the question of whether a probationary employee in the classified service has the right to appeal his dismissal to the personnel board, may be obviated.
The order of the superior court affirming the decision of the State Personnel Board is reversed with directions to remand the matter to the board for hearing on appellant's appeal from his dismissal from the position of lease and sales manager.
NOTES
[1] Magis.Civ.R. 21 provides in part:

(a) When Filed. An aggrieved party may petition the superior court for review of any order or decision of * * * an administrative agency where there is no appeal or other plain, speedy or adequate remedy, and where the * * * administrative agency appears to have exercised * * * its functions erroneously or to have exceeded * * * its jurisdiction, to the injury of some substantial right of such party.
* * * * *
(b) Considerations Governing Review. A review shall not be a matter of right, but will be granted only:
* * * * *
(3) Where the * * * administrative agency has so far departed from the accepted and usual course of * * * administrative proceedings, as to call for the superior court's power of supervision and review.
[2] See AS 39.25.010-39.25.220 for full text of the State Personnel Act of 1960.
[3] AS 39.25.010.
[4] AS 39.25.060.
[5] AS 39.25.070(3).
[6] AS 39.25.170(b) provides:

If the board finds that the action complained of was taken for a political, racial or religious reason, or in violation of this chapter or the rules adopted under this chapter, the officer or employee shall be reinstated to his position without loss of pay or leave benefit for the period of his dismissal, demotion, or suspension. In all other cases, the board shall report [its] * * * findings and recommendations to both parties.
Note: The term "classified service" is defined in AS 39.25.100 as "all positions in the state service not included in the exempt service or in the partially exempt service." There is no dispute that at the time of his dismissal appellant was a member of the classified service as that term is defined in the State Personnel Act of 1960.
[7] AS 39.25.140.
[8] AS 39.25.150(7).
[9] Personnel Rule 11 05.2 reads in full:

An employee who holds permanent status may be dismissed by the appointing authority for just cause only. An employee who is being dismissed for cause shall be provided with a statement in writing, setting forth reasons for the dismissal. A copy shall be sent to the Director.
Personnel Rule I defines a permanent employee as "an employee who has satisfactorily completed his initial probationary period in accordance with these Rules."
[10] Personnel Rule 11 05.1 reads in full as follows:

Employees who do not hold permanent status may be dismissed at any time at the discretion of the appointing authority. The employee shall be advised in writing of the reason for the dismissal and a copy shall be filed with the Director.
Personnel Rule I defines the term probationary period as a "working test period following an appointment and preceding permanent employment in a class."
[11] Personnel Rule 12 01.2. After setting forth certain preliminary procedural requirements, Personnel Rule 12 01.24 provides:

The Board shall consider the appeal of the employee, and if a hearing is requested, the Board shall, as soon as practicable, set a date, time and place for such a hearing and shall give at least two weeks notice in writing of the hearing to both the employee and the appointing authority. The hearing shall be closed or open as requested by the employee and the employee may be represented by counsel if he so desires.
Personnel Rule I defines "Classified Service" as "all positions in the State service not included in the partially exempt or exempt services." See also AS 39.25.100, note 6 supra.
[12] Appellant also argues that once an employee has attained permanent status "dismissal from any position whether it be the original one or one to which the employee is promoted carries with it the right of appeal to the Personnel Board pursuant to the provisions of Rules 12 01.1 and 12 01.2."
[13] P. 5 supra.
[14] Appellee also alludes to certain of the personnel rules which pertain to probationary status. Personnel Rule 6 01.0 sets forth the purpose of a probationary period in the following manner:

The probationary period in the classified service shall be regarded as an integral part of the examination process and shall be utilized for closely observing the employee's work, for securing the most effective adjustment of the employee to his position, and for rejecting any employee whose performance does not meet the required standards.
Appellee also cites Personnel Rules 6 02.1 and 6 02.2. Personnel Rule 6 02.1 provides:
All original and promotional appointments to permanent positions in the classified service shall be subject to a probationary period of one year of continuous service, except for appointments to positions assigned to salary ranges 2 through 13 where the probationary period shall be six months. Any period in excess of ten working days for which an employee does not receive pay during the probationary period shall not be included as a part of the probationary period.
Personnel Rule 6 02.2 provides:
An employee who is promoted prior to the completion of his probationary period to a higher level position in the same class series shall complete his probationary period in the lower position by service in the higher position and shall be considered as having permanent status in the lower classification at the end of the applicable probationary period following his appointment to the position in that classification.
[15] Compare 3 Sutherland, Statutory Construction § 6807 (3d ed. 1943).
[16] Apparently the situation in the case at bar has been clarified by the enactment of subsequent legislation. In 1966 the legislature enacted SLA 1966, ch. 117, § 1, which amended AS 39.25.150(7) to read:

The Personnel Rules shall provide for
(7) a period of probation not to exceed one year before any appointment to a position becomes permanent, except that any promotional appointment to a position becomes permanent at the time of the promotional appointment if at the time of the promotional appointment the employee held permanent status in the position from which he was promoted * * *.
[17] In this connection the decision of the personnel board stated in part:

AS 39.25.170(a) states `An employee in the classified service who is dismissed, demoted, or suspended for more than 30 working days in a 12-month period shall be notified in writing by his employer of the action and the reason for it and may be heard publicly by the Personnel Board and may be represented by counsel at the hearing.' In the broadest sense, an employee `in the classified service' would include any employee serving on a position other than one exempted or partially exempted by law. However, AS 39.25.150(7) states `The personnel rules shall provide for a period of probation not to exceed one year before appointment or promotion is permanent.' * * * Considering these two sections of the law, the Personnel Board, and both the present Director of Personnel and his predecessor have interpreted the intent of the law to provide appeal rights for permanent employees in the classified service only.
See also AS 39.25.070(3), p. 4 supra, and Northern Natural Gas Co. v. O'Malley, 277 F.2d 128, 134 (8th Cir.1960), where it was said: "A right clearly created by statute cannot be taken away by regulation."