Dolores WHALEY, Appellant,

v.

STATE of Alaska et al., Appellees.

. No. 833.

Supreme Court of Alaska.

March 21, 1968.

M. Ashley Dickerson, Anchorage, for appellant.

D. A. Burr, Atty. Gen., Juneau, Dorothy Awes Haaland, Asst. Atty. Gen., Anchorage, for appellees.

Before NESBETT, C. J., and DIMOND and RABINOWITZ, JJ.

DIMOND, Justice.

## OPINION

Appellant was employed by the state on or about July 1, 1964 as a Correctional Aide at the Anchorage State Jail. She was discharged from such employment on October 29, 1964 for the reason that her working relations with other staff members had been unsatisfactory. Appellant brought this action against appellees seeking reinstatement in her position as a state employee and for damages. The court below granted a summary judgment in favor of appellees, and appellant then brought this appeal.

■ It is improper to grant a summary judgment if there exists a genuine issue as to any material fact.[1] Appellant contends that a material fact in this case, genuinely at issue, was her status as a state employee, whether provisional or permanent.

In support of their motion for a summary judgment, appellees produced affidavits and other documentary evidence which established that appellant at the time of her discharge had been serving under a provisional, rather than a permanent appointment to the position she occupied. In opposition to appellees' motion for summary judgment, appellant produced affidavits which alleged that she took employment with the state because of representations made by state officials that she would be given permanent status and would not be required to serve any probationary period, and that a state record of her employment status, called a "personnel action," which

1. Civ.R. 56(c) provides that summary judgment shall be
 [R]endered forthwith if the pleadings, depositions and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law. Ransom v. Haner, 362 P.2d 282, 289 (Alaska 1961).

showed her status as provisional, was never delivered to her or called to her attention.

Official state records show that appellant's status as a state employee was provisional. Appellant does not deny that this is what the record shows. But she alleges that she wasn't made aware of that fact and that she was promised by state officers that she would occupy a permanent status.

It is apparent from the record that there is a factual dispute as to whether any such promise relating to permanent status was made. But the existence of such a question of fact will not prevent entry of summary judgment unless the fact in issue is material. And the factual question will be considered material only if as a matter of law, assuming the factual situation to be as appellant contends, appellant would then have a basis for a claim for relief against appellee. Thus, the question here is whether the state would be estopped to deny appellant permanent status by reason of promises made by state officers that she would occupy the status of a permanent employee.

Appellant was employed by the federal government at the time jurisdiction over the state jail system was assumed by the state and she transferred to state employment. An affidavit of an official of the United States Civil Service Commission alleged that appellant was on probationary status while employed by the federal government. Appellant did not controvert this affidavit, so there is no genuine issue in dispute as to what appellant's status was as a federal employee.

Personnel Rule 5 11.4 provides:

Federal civil service employees occupying positions which are transferred to State jurisdiction may be given status in the State classified service provided they meet the minimum qualifications for the respective positions. Those with permanent status under federal civil service may be given similar status with the State. Those who have not yet acquired permanent status will be required to complete the probationary period as provided in Rule 6. * * *

This rule makes it clear that one who did not have permanent status as a federal employee would not, upon being transferred to state employment, have permanent status as a state employee. Because of the explicit provisions of this rule, any representation or promise made by a state officer that appellant would be a permanent employee upon transfer from federal employment would be unauthorized and of no effect, and therefore the state would not be estopped from denying that appellant had permanent status as a state employee.[2]

In order to justify summary judgment not only must it be shown that there is no genuine issue of fact to be litigated, but also that the moving party is entitled to judgment as a matter of law.[3] This brings us to what appears to be the principal question on this appeal: whether, as a matter of law, appellant could be dismissed from her employment by a notice of dismissal without affording her the opportunity of appealing to and obtaining a hearing as to such dismissal from the State Personnel Board.[4]

2. Patton v. California State Personnel Bd., 106 Cal.2d 168, 234 P.2d 987, 990–991 (1951); City of Phillipsburg v. Porter, 121 Mont. 188, 190 P.2d 676, 680 (1948); Harris v. State ex rel. Oklahoma Planning and Resources Board, 207 Okl. 589, 251 P.2d 799, 802 (1952).

3. Civ.R. 56(c), supra note 1.

4. In Mueller v. Alaska State Bd. of Personnel, 425 P.2d 145 (Alaska 1967), we held that a dismissed employee who, at

the time of dismissal, had attained permanent status as a Realty Assistant II but was on probationary status in regard to a higher position of Lease & Sales Manager, had the right to appeal to the State Personnel Board. We found it unnecessary to construe AS 39.25.170(a)'s grant of an appeal to any employee in the classified service who is dismissed, and we did not decide whether one on probationary or provisional status who had not achieved permanent status in another

A provision of the State Personnel Act, AS 39.25.170, states as follows:

(a) An employee in the classified service who is dismissed, demoted, or suspended for more than 30 working days in a 12-month period shall be notified in writing by his employer of the action and the reason for it and may be heard publicly by the personnel board and may be represented by counsel at the hearing. In order to be heard, the complainant shall request a hearing within 15 days of dismissal, demotion or suspension.

Appellant contends that since this statute makes no express distinction between provisional and permanent employees, it is applicable to her situation.

 We disagree. The Personnel Rules prepared by the Director of Personnel as directed by statute,[5] and approved by the Personnel Board,[6] provide as to dismissal of probationary employees that:

6 04.1 At any time during a probationary period an employee may be dismissed

from the service after prior notice but without right of appeal or hearing, and the reasons given for the dismissal shall be filed with the Director at the time the notice is given. If the dismissal was due to racial, religious, or political discrimination the right to appeal exists.

It is true that this rule deals with probationary, and not provisional employees, and that there is no rule that specifically deals with the dismissal of provisional employees. However, the adoption of rule 6 04.1 makes it clear that the words "employee in the classified service," as used in AS 39.25.170, have been administratively construed as referring to employees having a permanent, rather than a probationary status, except in cases where dismissal of a probationary employee is due to racial, religious or political discrimination. And other personnel rules, dealing with provisional appointments, show that in the judgment of the Director of Personnel and the Personnel Board provisional status is as lacking in permanency as probationary status.[7] Pro-

position had the right to appeal a dismissal to the State Personnel Board.

5. AS 39.25.050 provides in part:
The director of personnel shall direct and supervise the administrative and technical activities of the division of personnel. In addition to the other duties imposed on him, he shall * * *
(6) prepare the rules, not inconsistent with this chapter, which are required to implement and administer this chapter * * *.

6. AS 39.25.070 provides:
In addition to the other duties imposed by this chapter, the personnel board shall
(1) approve or disapprove the original rules or a part of them within 60 days of their submission to the board and approve or disapprove amendment to the rules within 30 days of submission to the board, and in carrying out this duty, the board, if requested, may hold the public hearings it considers necessary * * *.

7. Personnel Rule 5 08, dealing with provisional appointments, provides in part as follows:
5 08.1 When authorized by the Director and in the absence of an appropri-

ate eligible list, a provisional appointment of a qualified person may be made to fill a vacant position. Such an appointment shall be terminated upon expiration of the probationary period established for the position or upon certification and appointment from an eligible list, whichever occurs first. No person shall receive more than one provisional appointment to the same position nor serve in the position beyond the probationary period, except with prior approval of the Director.
5 08.2 Where the work carried on under provisional appointment is on other than a continuing full-time basis, the length of the appointment shall be limited to the number of hours which is equivalent to the probationary period on the basis of the work schedule for the agency and the type of employment concerned.
5 08.3 The appointing authority, in nominating a person for provisional appointment, shall transmit to the Director a statement of qualifications of the nominee, in such form as the Director shall prescribe.
5 08.4 No seniority shall be gained as a result of a provisional appointment except for the continuance of seniority

visions in these rules for termination of a provisional appointment upon expiration of the probationary period, for limiting the length of a provisional appointment to the number of hours which is equivalent to the probationary period where the work carried on under a provisional appointment is on other than a full time continuing basis, prohibiting the gaining of seniority as a result of a provisional appointment unless the appointment later becomes permanent, and for the granting of retroactive probationary status to a provisional employee who earns a place on the eligible register, all point to the fact that the administrative construction of the term "provisional status" is 'that it is an employment status that is temporary and lacking in permanency to the same extent, if not more so, than probationary status. This being the case, it follows that if a probationary employee is not an "employee in the classified service," within the meaning of AS 39.25.170, then neither is a provisional employee one in the classified service entitled under that statute to the right to a hearing by the Personnel Board upon being dismissed from employment, except where dismissal is due to racial, religious or political discrimination.

In addition, Personnel Rule 11 05.1 provides:

Employees who do not hold permanent status may be dismissed at any time at the discretion of the appointing authority. The employee shall be advised in writing of the reason for the dismissal and a copy shall be filed with the Director. If the dismissal was due to racial, religious or

political discrimination the right to appeal exists.

This rule does not specifically provide, as does Rule 6 04.1, that no right to appeal or hearing exists. But in providing for dismissal "at any time at the discretion of the appointing authority" and in granting the right to appeal where dismissal was due to racial, religious or political discrimination, it seems clear that this rule intended that the right to appeal should be limited to the circumstances expressly mentioned and should not be otherwise available to a non-permanent employee.

■■ The rules that we have referred to are interpretive of the law in that they result in a construction of the words "employee in the classified service," within the meaning of the statute, as referring only to employees who have attained a permanent status in their employment with the state, and not to probationary or provisional employees, except where such employees have been dismissed because of racial, religious or political discrimination. Such interpretive rules were made pursuant to statutory authority, and appellant does not point out, nor do we perceive, that those rules are unreasonable and not in accord with the terms and purposes of the statute pursuant to which they were adopted. We have no basis for not upholding such an administrative interpretation of AS 39.25.-170,[8] particularly in view of the well settled rule that requires courts to give consideration and respect to the contemporaneous construction of a statute by those charged with its administration, and not to overrule such construction except for weighty reasons.[9] Furthermore, a construction of the

---

in a lower class, unless the appointment later becomes a permanent appointment.

*5 08.5* Conversion to Probationary Status

*5 08.51* Retroactive probationary status may be granted to a provisional employee who earns a place on the eligible register at the first opportunity and is reachable for appointment.

8. See Piedmont Canteen Serv., Inc. v. Johnson, 256 N.C. 155, 123 S.E.2d 582, 587, 91 A.L.R.2d 1127, 1135 (1962).

9. Power Reactor Dev. Co. v. International Union of Elec. etc. Workers, 367 U.S. 396, 408, 81 S.Ct. 1529, 6 L.Ed.2d 924, 932 (1961); United States v. Atlantic Ref. Co., 360 U.S. 19, 24, 79 S.Ct. 944, 3 L.Ed.2d 1054, 1057 n. 4 (1959); FHA

statute which limits the right to a hearing following dismissal to employees occupying a permanent status with the state government is in harmony with the decisions of other courts which, in considering the status of one as a probationary employee, have held that removal provisions relating to persons who are permanently appointed are not applicable to one in a probationary status, and that the latter may be discharged or dismissed without an opportunity to defend himself or without a hearing of any kind.[10] We hold that appellant as a provisional employee had no right to an appeal to and a hearing by the Personnel Board following her dismissal from state employment. She makes no attempt to show that her case comes within the exception to Rules 6 04.1 and 11 05.1 in that her dismissal was due to racial, religious or political discrimination.

In her complaint appellant alleged that the individual appellees had "conspired to deprive plaintiff [appellant] of her position as a Jail Matron at the State Jail," and that as a result appellant was damaged in her professional standing to the extent of $140,000; and that pursuant to a conspiracy and to prevent appellant from having employment, the individual appellees:

> [D]id induce the State of Alaska through its administrators to discharge plaintiff from her said employment thereby materially injuring plaintiff in her business, and prospects, and wrongfully depriving her of the means of obtaining a living.

These allegations were denied in appellees' answer to the complaint. Appellant contends here that the making of such allegations and their denial by appellees raised genuine issues of material fact to be litigated so as to prevent the entry of summary judgment.

Appellant was dismissed from her employment by means of a letter from appellee, Dr. Levi M. Browning, Commissioner of the State Department of Health and Welfare, which read as follows:

Dear Mrs. Whaley:

The purpose of this letter is to inform you that your services as Correctional Aide in this Department at the Anchorage State Jail will be terminated effective at the close of business on October 29, 1964.

The reason for termination during your probationary period is that your working relations with other staff members have been unsatisfactory.

Such a method of dismissal was in accord with 'Personnel Rule 11 05.1 which provides:

Employees who do not hold permanent status may be dismissed at any time at the discretion of the appointing authority. The employee shall be advised in writing of the reason for the dismissal and a copy shall be filed with the Director. If the dismissal was due to racial, religious or political discrimination the right to appeal exists.

■ Under this rule Dr. Browning had the right to dismiss appellant as he did. Appellant does not tell us how the existence of the alleged conspiracy among the appellees to induce Dr. Browning to dismiss appellant gives her a claim for relief against appellees. Because appellant fails to elaborate on this point, we consider the point as having been abandoned by appellant and

v. The Darlington, 358 U.S. 84, 90, 79 S. Ct. 141, 3 L.Ed.2d 132, 137 (1958), reh. denied, 358 U.S. 937, 79 S.Ct. 310, 3 L. Ed.2d 311 (1959).

10. Levy v. Woods, 84 U.S.App.D.C. 138, 171 F.2d 145, 146 (1948); Nadelhaft v. United States, 131 F.Supp. 930, 933, 132 Ct.Cl. 316 (1955); Neuwald v. Brock, 12 Cal.2d 662, 86 P.2d 1047, 1050 (1939); Snelling v. Civil Serv. Bd. etc., 90 Cal.

App.2d 865, 204 P.2d 358, 360 (1949); People ex rel. Wiechern v. Smykal, 12 Ill.App.2d 398, 139 N.E.2d 839, 843 (1956); Kaeble v. Mayor of Chicopee, 311 Mass. 260, 41 N.E.2d 49, 53 (1942); Younie v. Doyle, 306 Mass. 567, 29 N.E. 2d 137, 139, 131 A.L.R. 379, 382 (1940); Polsenski v. Montgomery, 71 N.Y.S.2d 386, 388 (Sup.Ct.1947), dismissed, 87 N.Y.S.2d 438 (1949); Annot., 131 A.L.R. 383, 397 (1941).

decline to review it.[11] For the same reason —because the point is merely asserted and not briefed any further—we shall not review appellant's contention that she was denied due process of law and equal protection of the laws in violation of the Fourteenth Amendment to the Federal Constitution.

On an ex parte motion by appellant, the court ordered the appellee, State of Alaska, to produce for appellant's examination and copying the complete file on appellant kept by the State Division of Personnel. Later, the court stayed such an order on appellees' motion in order to allow appellees the opportunity to present arguments as to appellant's motion to produce. Appellant contends that the order to produce was thus countermanded by the court and that this was error.

 Following the granting of the stay, the court ruled that the official file of the state respecting appellant's employment should be made available to appellant's counsel at the office of the Attorney General, and that after counsel had gone through the file the court would take up at a later time the question of whether the file "should under the law be made available, whether it's a public record. * *" Nearly four months later appellees' counsel stated in open court that even though the file referred to was in the Attorney General's office, appellant's counsel had never been in to examine it. This statement by the Assistant Attorney General was not questioned or contradicted by appellant's counsel. Appellant's counsel does not explain in her brief on this appeal in what respect appellant had been deprived of a right to examine her official state personnel file. We find no error here.

The judgment is affirmed.

11. Alaska State Housing Authority v. Contento, 432 P.2d 117, 123 (Alaska 1967); McSmith v. McSmith, 387 P.2d 454, 455 (Alaska 1963); Veal v. Newlin, Inc., 367 P.2d 155, 156 (Alaska 1961).