**NORTHERN CORPORATION, Appellant,**

v.

**CHUGACH ELECTRIC ASSOCIATION, Appellee.**

**CHUGACH ELECTRIC ASSOCIATION, Cross-Appellant,**

v.

**NORTHERN CORPORATION, Cross-Appellee.**

**Nos. 1758, 1768.**

Supreme Court of Alaska.

June 28, 1974.

---

Donna C. Willard, Gruenberg & Willard, Anchorage, for appellant and cross-appellee.

Sanford M. Gibbs, Hagans, Smith & Brown, Anchorage, for appellee and cross-appellant.

Before RABINOWITZ, C. J., and CONNOR and BOOCHEVER, JJ.

## ON PETITION FOR REHEARING

In Northern Corporation v. Chugach Electric Association, 518 P.2d 76 (Alaska 1974), we held that Northern was entitled to recover under the changes clause of its contract for expenses incurred in trying to perform its contractual obligation by a method which proved to be impossible. This case presented a novel question with reference to alleged damages arising out of attempts to perform a public contract by a specified method (hauling rock across a frozen lake). Most cases presenting analogous problems involve situations where the government has set forth in the contract certain specifications which proved to be impossible. Based on the government's implied warranty of its specifications, recovery has been allowed.[1] Here, however, the ice haul method was determined by agreement of the parties, so that initially neither warranted the method any more than the other.

We fashioned our opinion on the damage issue by building upon government contract cases which relied on the so-called "changes" clause to award damages for efforts to perform impossible specifications prior to the time that changes were

---

1. United States v. Spearin, 248 U.S. 132, 39 S.Ct. 59, 63 L.Ed. 166 (1918) ; Natus Corp. v. United States, 371 F.2d 450, 178 Ct.Cl. 1 (1967) ; Laburnum Constr. Corp. v. United States, 325 F.2d 451, 163 Ct.Cl. 339 (1963).

ordered,[2] on the theory of an implied change order at a time prior to the actual change. Although no change order was actually issued by Chugach, we held that it should similarly be liable for Northern's increased costs incurred after such time as Chugach was reasonably placed on notice that it was not feasible to perform the contract by means of the ice haul method. In a manner similar to that by which recovery had been allowed in such cases as *Maxwell Dynamometer, Hol-Gar,* and *Landsverk,*[3] we created the fiction that Chugach was in the same position as if it had issued a change order at that time.

Chugach has petitioned for a rehearing, contending that the cases cited do not support an award on the change order theory for the reasons that: (a) the cases depend on defective specifications issued by the government, (b) the clause is not applicable after the contractor becomes aware during performance that the contract is impossible to perform, and (c) that the court should not have considered notions of fairness and equity as the parties had not presented this issue.

█ Due to the novelty of the damage question involved, we ordered further briefing on the damage issues, with special attention as to whether or not:

(1) The continued insistence by Chugach of performance after such time as Chugach may have been chargeable with knowledge of the impossibility of performance constituted an implied warranty of the method of performance.

(2) Such continued insistence constituted an implied change in the contract under art. I, sec. 2 of the contract between the parties entitled "Changes in Construction".

(3) Quasi contract law should apply, and if so, whether a contractor can recover regardless of benefit bestowed upon the owner.[4]

█ Chugach criticizes our opinion for considering notions of equity and fairness, an issue which it contends was not briefed or argued. In determining what rule of law shall be followed in Alaska, however, we are always concerned with notions of equity and fairness, regardless of whether they are presented to us in argument. We further note that similar considerations were relied on in *Hol-Gar,* wherein the court stated:

Since the necessity for the change was not due to plaintiff's fault, but to faulty specifications, an *equitable* adjustment requires that plaintiff be paid the increase in its costs over what they would have been had no change been required (emphasis added).[5]

Of more substance is the issue pertaining to damages. We recognize that by finding an implied change order, we have made an extension of the theory whereby compensation has been awarded for efforts

2. *E. g.,* Bell v. United States, 404 F.2d 975, 186 Ct.Cl. 189 (1968); Maxwell Dynamometer Co. v. United States, 386 F.2d 855, 181 Ct.Cl. 607 (1967); Hol-Gar Mfg. Corp. v. United States, 360 F.2d 634, 175 Ct.Cl. 518 (1966).

3. Maxwell Dynamometer Co. v. United States, 386 F.2d 855, 181 Ct.Cl. 607 (1967); Hol-Gar Mfg. Corp. v. United States, 360 F.2d 634, 175 Ct.Cl. 518 (1966); Landsverk Electrometer Co., 67-2 BCA ¶ 6649 (ASBCA 1967).

4. Chugach in its supplemental brief questions our right to consider these issues on rehearing, as well as the basis of our decision in this case, contending that the issues were not raised by Northern on this appeal and that we may only consider points raised in appellant's brief, citing Moran v. Holman, 501 P.2d 769 (Alaska 1972); Whaley v. State, 438 P.2d 718 (Alaska 1968); Sanuita v. Common Laborer's and Hod Carriers' Union of America, Local 341, 402 P.2d 199 (Alaska 1965). We do not consider our powers on rehearing to be so limited, but Chugach has too narrowly construed Northern's contentions which expressly included that they were entitled to recovery under implied warranty, changes clause and quasi contract theories.

5. 360 F.2d at 638.

to comply with an impossible specification prior to the actual issuance of a change order.[6]

It must be conceded that this rationale for recovery of expenses antedating a change order does not logically flow from the change order provision, which makes no reference to prior expenses. Such recovery could better be based on a theory of breach of implied warranty of specifications, when applicable, or on a change order implied as of the time that additional work was required which would not otherwise have been involved had performance not proved to be impossible.

Upon reconsideration, we prefer not to rest our opinion on the rationale of an implied change order, for the reason that it involves the establishment of not only a fictional date when a change order becomes effective, but in addition involves a fictional change order itself. The evidence, however, does indicate an alteration in the relationship existing between the parties at such time as Northern advised Chugach that it questioned the feasibility of the ice haul method and requested the use of an alternate method.

At the time that Northern first notified Chugach that it believed the contract was not possible to perform, it had no certain knowledge of such impossibility. In the absence of Chugach's agreeing to the impossibility of performance, it had the choice of unilaterally terminating the work with a likelihood of incurring substantial damages, or of continuing to attempt to perform.

Chugach, on the other hand, had three choices available to it: (1) it could agree that the contract was impossible to perform in which case both parties would be absolved of further liability, (2) it could

issue a change order authorizing a different method of performance (providing for appropriate adjustment of price), or (3) it could insist upon performance by the method specified. Chugach had an expert to guide it in reaching its decision to insist upon performance and was thus at least as well informed as Northern with reference to the relevant conditions.

■ After Northern had notified Chugach that it did not believe the contract could be performed by the ice haul method and Chugach continued to insist on such performance, the parties no longer were in the posture of neither warranting the specification more than the other. We hold that under the circumstances here involved, where Chugach had the technical expertise to inform itself as to ice conditions prior to insisting on performance, Chugach thereafter impliedly warranted that method in the same manner as if it had unilaterally established the specification at the time the contract was entered.

■ But Chugach properly raises an additional issue. There is well-established authority to the effect that when a contractor knows or should know of the impossibility of performance and nevertheless continues to attempt to perform, he is no longer entitled to compensation, even where the government entity was responsible for the specification.[7] Thus, if Northern had actual knowledge of the impossibility, or should have had such knowledge, as opposed to knowledge indicating a likelihood that the contract *might* be impossible to perform, Northern should not be entitled to recover for work done after such time as it had such actual knowledge or should have so known.

■ In summary, we hold that from the time of Chugach's unilateral insistence, it

6. Maxwell Dynamometer Co. v. United States, 386 F.2d 885, 181 Ct.Cl. 607; Hol-Gar Mfg. Corp. v. United States, 360 F.2d 634, 175 Ct.Cl. 518; J. W. Hurst & Son Awnings, Inc., 59–1 BCA 8965 (1959).

7. S. W. Foster Sportswear Co. v. United States, 405 F.2d 1285, 1290, 186 Ct.Cl. 499 (1969); J. D. Hedin Constr. Co., Inc. v. United States, 347 F.2d 235, 241, 171 Ct.Cl. 70 (1965); Flippin Materials Co. v. United States, 312 F.2d 408, 414, 160 Ct.Cl. 357 (1963).

impliedly represented that the ice haul method was feasible and that Northern is entitled to recover its extra costs thereafter incurred by reason of the breach of that implied warranty. Nevertheless, if at some time prior to termination of the contract Northern had actual knowledge or should have known that the ice haul method was impossible, it may not recover for damages thereafter incurred in attempting to perform.

To the extent indicated above, we vacate our prior opinion, and the case is remanded to the trial court for the purpose of making the determinations here indicated.

Remanded.

ERWIN and FITZGERALD, JJ., not participating.